

**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

<div align="right">
HZC / ALL<br>
Transmittal Number: 14619758<br>
Date Processed: 12/28/2015
</div>

| | |
|---|---|
| Primary Contact: | Davena D. Morgan<br>Golden Living<br>1000 Fianna Way<br>Fort Smith, AR 72919 |
| Copy of transmittal only provided to: | Ms. Amy Nguyen<br>Brenda Boster<br>Ms. Lisa Lowther |

| | |
|---|---|
| Entity: | GGNSC Louisville Hillcreek LLC<br>Entity ID Number 2498221 |
| Entity Served: | GGNSC Louisville Hillcreek, LLC d/b/a Golden LivingCenter-Hillcreek |
| Title of Action: | Marva Dockery, as Attorney-In-Fact of Mildred Marshall vs. GGNSC Louisville Hillcreek, LLC d/b/a Golden LivingCenter-Hillcreek |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court/Agency: | Jefferson County Circuit Court, Kentucky |
| Case/Reference No: | 15CI006437 |
| Jurisdiction Served: | Kentucky |
| Date Served on CSC: | 12/28/2015 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Robert W Francis<br>501-907-7790 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

<div align="right">
EXHIBIT<br>
A
</div>

| AOC-105        Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | <br>**CIVIL SUMMONS** | A6M 006437<br>Court ☑ Circuit ☐ District<br>County   Jefferson |

**PLAINTIFF**

Marva Dockery, as Attorney-in-Fact of

Mildred Marshall

JEFFERSON CIRCUIT COURT
DIVISION TEN (10)

**VS.**

**DEFENDANT**

GGNSC Louisville Hillcreek, LLC d/b/a Golden LivingCenter-Hillcreek

**Service of Process Agent for Defendant:**

Corporation Service Company

421 West Main Street

Frankfort, KY 40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: DEC 22 2015 , 2_____

DAVID L. NICHOLSON, CLERK                    _____ Clerk

By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____ Title



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

null / ALL
Transmittal Number: 14616887
Date Processed: 12/28/2015

| | |
|---|---|
| Primary Contact: | Davena D. Morgan<br>Golden Living<br>1000 Fianna Way<br>Fort Smith, AR 72919 |
| Copy of transmittal only provided to: | Ms. Amy Nguyen<br>Brenda Boster<br>Ms. Lisa Lowther |

| | |
|---|---|
| Entity: | GGNSC Administrative Services LLC<br>Entity ID Number 2486985 |
| Entity Served: | GGNSC Administrative Services, LLC |
| Title of Action: | Marva Dockery, as Attorney-In-Fact of Mildred Marshall vs. GGNSC Louisville Hillcreek, LLC d/b/a Golden LivingCenter - Hillcreek |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court/Agency: | Jefferson County Circuit Court, Kentucky |
| Case/Reference No: | 15CI006437 |
| Jurisdiction Served: | Kentucky |
| Date Served on CSC: | 12/28/2015 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Robert W. Francis<br>501-907-7790 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

A5CI006437

AOC-105 Doc. Code: CI
Rev. 1-07
Page 1 of 1
Commonwealth of Kentucky
Court of Justice www.courts.ky.gov
CR 4.02; CR Official Form 1

CIVIL SUMMONS

Case No.
Court ☑ Circuit ☐ District
County Jefferson

PLAINTIFF

Marva Dockery, as Attorney-in-Fact of
Mildred Marshall

JEFFERSON CIRCUIT COURT
DIVISION TEN (10)

VS.

DEFENDANT

GGNSC Administrative Services, LLC

**Service of Process Agent for Defendant:**
Corporation Service Company
421 West Main Street

Frankfort, KY 40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: DEC 22 2015 2______

DAVID L. NICHOLSON, CLERK ______ Clerk

By: [signature] ______ D.C.

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

______

this _____ day of ______________, 2______.

Served by: ______________

______________ Title



**CORPORATION SERVICE COMPANY®**

## Notice of Service of Process

**RCS / ALL**
**Transmittal Number: 14616624**
**Date Processed: 12/28/2015**

| | |
|---|---|
| Primary Contact: | Davena D. Morgan<br>Golden Living<br>1000 Fianna Way<br>Fort Smith, AR 72919 |
| Copy of transmittal only provided to: | Ms. Amy Nguyen<br>Brenda Boster<br>Ms. Lisa Lowther |

| | |
|---|---|
| Entity: | GGNSC Clinical Services LLC<br>Entity ID Number 2507228 |
| Entity Served: | GGNSC Clinical Services, LLC |
| Title of Action: | Marva Dockery, as Attorney-In-Fact of Mildred Marshall vs. GGNSC Louisville Hillcreek, LLC d/b/a Golden LivingCenter - Hillcreek |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court/Agency: | Jefferson County Circuit Court, Kentucky |
| Case/Reference No: | 15CI006437 |
| Jurisdiction Served: | Kentucky |
| Date Served on CSC: | 12/28/2015 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Robert W. Francis<br>501-907-7790 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

| AOC-105          Doc. Code: CI | | |
| Rev. 1-07 | | |
| Page 1 of 1 | **CIVIL SUMMONS** | |
| Commonwealth of Kentucky | | |
| Court of Justice   www.courts.ky.gov | | |
| CR 4.02; CR Official Form 1 | | |

Case No. **15 CI 00437**

Court  ☑ Circuit  ☐ District

County  Jefferson

**PLAINTIFF**

Marva Dockery, as Attorney-in-Fact of

Mildred Marshall

JEFFERSON CIRCUIT COURT
DIVISION TEN (10)

**VS.**

**DEFENDANT**

GGNSC Clinical Services, LLC

**Service of Process Agent for Defendant:**

Corporation Service Company

421 West Main Street

Frankfort, KY 40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _DEC 22 2015_, 2_____

DAVID L. NICHOLSON, CLERK

_____Clerk

By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____Title



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

RCS / ALL
Transmittal Number: 14630318
Date Processed: 12/31/2015

| Primary Contact: | Davena D. Morgan<br>Golden Living<br>1000 Fianna Way<br>Fort Smith, AR 72919 |
|---|---|
| Copy of transmittal only provided to: | Brenda Boster<br>Ms. Lisa Lowther<br>Ms. Amy Nguyen |

| | |
|---|---|
| Entity: | GGNSC Equity Holdings LLC<br>Entity ID Number 2497965 |
| Entity Served: | GGNSC Equity Holdings, LLC |
| Title of Action: | Marva Dockery, as Attorney-In-Fact of Mildred Marshall vs. GGNSC Louisville Hillcreek, LLC d/b/a Golden LivingCenter - Hillcreek |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court/Agency: | Jefferson County Circuit Court, Kentucky |
| Case/Reference No: | 15-CI-006437 |
| Jurisdiction Served: | Delaware |
| Date Served on CSC: | 12/31/2015 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | KY Secretary of State on 12/23/2015 |
| How Served: | Certified Mail |
| Sender Information: | Robert W. Francis<br>501-907-7790 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

| AOC-105          Doc. Code: CI | | Case No. _____ |
| Rev. 1-07 | | Court   ☑ Circuit ☐ District |
| Page 1 of 1 | | |
| Commonwealth of Kentucky | **CIVIL SUMMONS** | County   Jefferson |
| Court of Justice   www.courts.ky.gov | | |
| CR 4.02; CR Official Form 1 | | |

ASG 000643V

JEFFERSON CIRCUIT COURT
DIVISION TEN (10)

**PLAINTIFF**

Marva Dockery, as Attorney-in-Fact of

Mildred Marshall

RECEIVED

DEC 23 2015

SECRETARY OF STATE

VS.

**DEFENDANT**

GGNSC Equity Holdings, LLC

c/o Corporation Service Company

2711 Centerville Road, Suite 400

Wilmington          Delaware          19808

**Service of Process Agent for Defendant:**

Kentucky Secretary of State

700 Capital Avenue

Suite 86

Frankfort          Kentucky          40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: DEC 22 2015 , 2 _____          DAVID L. NICHOLSON, CLERK          Clerk

By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____ Title



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

S0M / ALL
Transmittal Number: 14617299
Date Processed: 12/28/2015

| | |
|---|---|
| Primary Contact: | Davena D. Morgan<br>Golden Living<br>1000 Fianna Way<br>Fort Smith, AR 72919 |
| Copy of transmittal only provided to: | Brenda Boster<br>Ms. Amy Nguyen<br>Ms. Lisa Lowther |

| | |
|---|---|
| Entity: | Golden Gate National Senior Care LLC<br>Entity ID Number 2495562 |
| Entity Served: | Golden Gate National Senior Care, LLC |
| Title of Action: | Marva Dockery, as Attorney -In-Fact of Mildred Marshall vs. GGNSC Louisville Hillcreek, LLC d/b/a Golden LivingCenter-Hillcreek |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court/Agency: | Jefferson County Circuit Court, Kentucky |
| Case/Reference No: | 15CI006437 |
| Jurisdiction Served: | Kentucky |
| Date Served on CSC: | 12/28/2015 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Robert W. Francis<br>501-907-7790 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

| AOC-105    Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice    www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | <br>**CIVIL SUMMONS** | Case No. **A5 006437**<br>Court   ☑ Circuit ☐ District<br>County   Jefferson |

**PLAINTIFF**

JEFFERSON CIRCUIT COURT
DIVISION TEN (10)

Marva Dockery, as Attorney-in-Fact of

Mildred Marshall

**VS.**

**DEFENDANT**

Golden Gate National Senior Care, LLC

**Service of Process Agent for Defendant:**

Corporation Service Company

421 West Main Street

Frankfort, KY 40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

      You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

      The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

                              DAVID L. NICHOLSON, CLERK

Date: ___ **DEC 22 2015**, 2 ___      _____ Clerk

                       By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this _____ day of _____, 2_____.

                Served by: _____

                                              Title



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

RCS / ALL
Transmittal Number: 14630490
Date Processed: 12/31/2015

| | |
|---|---|
| Primary Contact: | Davena D. Morgan<br>Golden Living<br>1000 Fianna Way<br>Fort Smith, AR 72919 |
| Copy of transmittal only provided to: | Brenda Boster<br>Ms. Lisa Lowther<br>Ms. Amy Nguyen |

| | |
|---|---|
| Entity: | GGNSC Holdings LLC<br>Entity ID Number  2497240 |
| Entity Served: | GGNSC Holdings, LLC |
| Title of Action: | Marva Dockery, as Attorney-In-Fact of Mildred Marshall vs. GGNSC Louisville Hillcreek, LLC d/b/a Golden LivingCenter - Hillcreek |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court/Agency: | Jefferson County Circuit Court, Kentucky |
| Case/Reference No: | 15-CI-006437 |
| Jurisdiction Served: | Delaware |
| Date Served on CSC: | 12/31/2015 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | KY Secretary of State on 12/23/2015 |
| How Served: | Certified Mail |
| Sender Information: | Robert W. Francis<br>501-907-7790 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

| AOC-105            Doc. Code: CI | | CIVIL SUMMONS | Ca**1 5 C  0 0 8 4 37** |
|---|---|---|---|
| Rev. 1-07 | | | Court ☑ Circuit ☐ District |
| Page 1 of 1 | | | |
| Commonwealth of Kentucky | | | County  Jefferson |
| Court of Justice   www.courts.ky.gov | | | |
| CR 4.02; CR Official Form 1 | | | |

**PLAINTIFF**

Marva Dockery, as Attorney-in-Fact of
Mildred Marshall

JEFFERSON CIRCUIT COURT
DIVISION TEN (10)

**VS.**

**DEFENDANT**

GGNSC Holdings, LLC

c/o Corporation Service Company

2711 Centerville Road, Suite 400                          RECEIVED

Wilmington                    Delaware              19808         DEC 2 3 2015

SECRETARY OF STATE

Service of Process Agent for Defendant:

Kentucky Secretary of State

700 Capital Avenue

Suite 86

Frankfort                                        Kentucky              40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on
the document delivered to you with this Summons.  **Unless a written defense is made by you or** by **an attorney on
your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you
for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document
delivered to you with this Summons.

Date: **DEC 2 2 2015** , 2 _____

DAVID L. NICHOLSON, CLERK

_____ Clerk

By: _____ D.C.

| **Proof of Service** | |
|---|---|
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: | |
| _____ | |
| this _____ day of _____, 2_____ . | |
| | Served by: _____ |
| | _____ Title |

# COMMONWEALTH OF KENTUCKY
## IN THE CIRCUIT COURT OF JEFFERSON COUNTY
### DIVISION _____

JEFFERSON CIRCUIT COURT
DIVISION TEN (10)

**15 CI 006437**

Civil Action File No. 15-CI-_____

Marva Dockery, as Attorney-in-Fact                                    PLAINTIFF
of Mildred Marshall


v.                                   **COMPLAINT**


GGNSC Louisville Hillcreek, LLC                                    DEFENDANTS
d/b/a Golden LivingCenter – Hillcreek
c/o Corporation Service Company
421 West Main Street
Frankfort, KY 40601

GGNSC Administrative Services, LLC
c/o Corporation Service Company                        A COPY
421 West Main Street                                   ATTEST: DAVID L. NICHOLSON, CLERK
Frankfort, Kentucky 40601                              JEFFERSON CIRCUIT COURT
                                                       LOUISVILLE, KENTUCKY
GGNSC Clinical Services, LLC                           BY_____D.C.
c/o Corporation Service Company
421 West Main Street
Frankfort, Kentucky 40601

GGNSC Equity Holdings, LLC
c/o Corporation Service Company
2711 Centerville Road, Ste. 400
Wilmington, Delaware 19808
VIA KENTUCKY SECRETARY OF STATE

Golden Gate National Senior Care, LLC
c/o Corporation Service Company
421 West Main Street
Frankfort, Kentucky 40601

GGNSC Holdings, LLC
c/o Corporation Service Company
2711 Centerville Road, Ste. 400
Wilmington, Delaware 19808
VIA KENTUCKY SECRETARY OF STATE

James Rife, in his capacity as Administrator of
Golden LivingCenter – Hillcreek
3116 Breckinridge Lane
Louisville, Kentucky 40220

1.      Marva Dockery is the daughter of Mildred Marshall and her Attorney-in-Fact,
pursuant to the September 18, 2015 General Power of Attorney, attached hereto as **Exhibit A**.
Ms. Dockery brings this action on behalf of Ms. Marshall. Marva Dockery is a resident of
Louisville, Jefferson County, Kentucky.

2.      Upon information and belief, Mildred Marshall was most recently admitted as a
resident of Golden LivingCenter – Hillcreek (sometimes referred to as "facility"), located at
3116 Breckinridge Lane, Louisville, Jefferson County, Kentucky approximately July 09, 2015,
and remained a resident there until approximately September 05, 2015.

3.      Defendant GGNSC Louisville Hillcreek, LLC d/b/a Golden LivingCenter –
Hillcreek is a foreign limited liability company authorized to do business in the Commonwealth
of Kentucky, with its principal office located at 3116 Breckenridge Lane, Louisville, Kentucky.
Upon information and belief, at times material to this action, Defendant GGNSC Louisville
Hillcreek, LLC owned, operated, managed, controlled, and/or provided services for Golden
LivingCenter – Hillcreek in Louisville, Jefferson County, Kentucky. Upon information and
belief, Defendant GGNSC Louisville Hillcreek, LLC was, at times material to this action, the
"licensee" of the facility. Under the laws and regulations promulgated and enforced by the
Cabinet for Health and Family Services, as licensee of the facility, GGNSC Louisville Hillcreek,
LLC was legally responsible for that facility and for ensuring compliance with all laws and
regulations related to the operation of the facility. The causes of action made the basis of this suit
arise out of such business conducted by said GGNSC Louisville Hillcreek, LLC in the
ownership, operation, management, control, licensing and/or services provided for the facility

2

during the residency of Mildred Marshall. The registered agent for service of process of GGNSC Louisville Hillcreek, LLC is Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

4.       Defendant GGNSC Administrative Services, LLC is a foreign limited liability company and, upon information and belief, is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities. Upon information and belief, at times material to this action, Defendant GGNSC Administrative Services, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Golden LivingCenter – Hillcreek in Louisville, Jefferson County, Kentucky. The causes of action made the basis of this suit arise out of such business conducted by said Defendant GGNSC Administrative Services, LLC in the ownership, operation, management, control and/or services provided for the facility during the residency of Mildred Marshall. The registered agent for service of process of GGNSC Administrative Services, LLC is Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

5.       Defendant GGNSC Clinical Services, LLC is a foreign limited liability company and, upon information and belief, is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities. Upon information and belief, at times material to this action, Defendant GGNSC Clinical Services, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Golden LivingCenter – Hillcreek in Louisville, Jefferson County, Kentucky. The causes of action made the basis of this suit arise out of such business conducted by said Defendant GGNSC Clinical Services, LLC in the ownership, operation, management, control and/or services provided for the facility during the residency of Mildred Marshall. The registered agent for service of process of GGNSC

3

Clinical Services, LLC is Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

6.     Defendant GGNSC Equity Holdings, LLC is a foreign limited liability company and, upon information and belief, is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities. Upon information and belief, at all times material to this action, Defendant GGNSC Equity Holdings, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Golden Livingcenter – Hillcreek in Louisville, Jefferson County, Kentucky. The causes of action made the basis of this suit arise out of such business conducted by said Defendant GGNSC Equity Holdings, LLC in the ownership, operation, management, control and/or services provided for the facility during the residency of Mildred Marshall. The registered agent for service of process of GGNSC Equity Holdings, LLC is Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, Delaware 19808.

7.     Defendant Golden Gate National Senior Care, LLC is a foreign limited liability company and, upon information and belief, is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities. Upon information and belief, at all times material to this action, Defendant Golden Gate National Senior Care, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Golden Livingcenter – Hillcreek in Louisville, Jefferson County, Kentucky. The causes of action made the basis of this suit arise out of such business conducted by said Defendant Golden Gate National Senior Care, LLC in the ownership, operation, management, control and/or services provided for the facility during the residency of Mildred Marshall. The registered agent for service of process of Golden Gate National Senior Care, LLC is Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

4

8.      Defendant GGNSC Holdings, LLC is a foreign limited liability company and, upon information and belief, is engaged in the business of for-profit custodial care of elderly and infirm nursing home residents in nursing facilities. Upon information and belief, at times material to this action, Defendant GGNSC Holdings, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Golden Livingcenter – Hillcreek in Louisville, Jefferson County, Kentucky. The causes of action made the basis of this suit arise out of such business conducted by said Defendant GGNSC Holdings, LLC in the ownership, operation, management, control and/or services provided for the facility during the residency of Mildred Marshall. The registered agent for service of process of GGNSC Holdings, LLC is Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, Delaware 19808.

9.      Upon information and belief, Defendant James Rife is a citizen and resident of the Commonwealth of Kentucky and was an Administrator of Golden LivingCenter – Hillcreek during the residency of Mildred Marshall. The causes of action made the basis of this suit arise out of Defendant James Rife's administration of Golden LivingCenter – Hillcreek during the residency of Ms. Marshall. Defendant James Rife may be served with process at his last known business address, 3116 Breckinridge Lane, Louisville, Kentucky 40220.

10.     Defendants controlled the operation, planning, management, budget, and quality control of Golden LivingCenter – Hillcreek. The authority exercised by the Defendants over the nursing facility included, but was not limited to, control of marketing, human resources management, training, staffing, creation, and implementation of all policies and procedures used by the nursing facility, federal and state reimbursement through Medicare and Medicaid, quality care assessment and compliance, federal and state licensure and certification, legal services, and financial, tax, and accounting control through fiscal policies established by the Defendants.

5

11.     Whenever the term "Nursing Home Defendants" is utilized herein, such term collectively refers to GGNSC Louisville Hillcreek, LLC d/b/a Golden LivingCenter – Hillcreek; GGNSC Administrative Services, LLC; GGNSC Clinical Services, LLC; GGNSC Equity Holdings, LLC; Golden Gate National Senior Care, LLC; and GGNSC Holdings, LLC.

12.     Whenever the term "Administrator Defendant" is utilized within this suit, such term refers to James Rife.

13.     Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit.

14.     Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

15.     Other than hospitalizations, Mildred Marshall was most recently a resident of Golden LivingCenter – Hillcreek from approximately July 09, 2015 until approximately September 05, 2015.

16.     Mildred Marshall was looking to Defendants for treatment of her total needs for custodial, nursing, and medical care and not merely as the situs where others not associated with the facility would treat her.

17.     At all relevant times mentioned herein, Defendants owned, operated, managed and/or controlled Golden LivingCenter – Hillcreek, either directly, through a joint enterprise, partnership and/or through the agency of each other and/or other diverse subalterns, subsidiaries, governing bodies, agents, servants, or employees.

18.     Defendants are directly or vicariously liable for any acts and omissions by any person or entity, controlled directly or indirectly, including any governing body, officer, employee, ostensible or apparent agent, partner, consultant or independent contractor, whether in-house or outside individuals, entities or agencies.

6

19.    Defendants failed to discharge their obligations of care to Mildred Marshall with a conscious disregard for her rights and safety. At all times mentioned herein, Defendants, through their corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Mildred Marshall, as more fully set forth below. Defendants knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of Golden LivingCenter – Hillcreek.

20.    Defendants were on notice and aware of problems with resident care at Golden LivingCenter – Hillcreek based upon surveys conducted at the facility by the Cabinet for Health & Family Services both prior to and during the residency of Mildred Marshall. For example, in multiple surveys prior to, during, and immediately following Ms. Marshall's residency, the facility was cited for numerous deficiencies relevant to the injuries of Mildred Marshall, including:

a)    Failure to make sure the nursing home area is free from accident hazards and risks and provides supervision to prevent avoidable accidents. (August 29, 2015);

b)    Failure to have a program that investigates, controls and keeps infection from spreading. (August 29, 2015);

c)    Failure to make sure that a working call system is available in each resident's room or bathroom and bathing area. (June 05, 2014 and again on November 10, 2014);

d)    Failure to develop policies that prevent mistreatment, neglect, or abuse of residents or theft of resident property. (April 01, 2014 and again on June 05, 2014);

e)    Failure to make sure services provided by the nursing facility meet professional standards of quality. (March 08, 2014 and again on August 29, 2015); and

f)    Failure to provide care by qualified persons according to each resident's written plan of care. (March 08, 2014, June 05, 2014, November 10, 2014, and again on August 29, 2015)

7

21.   Due to the wrongful conduct of Defendants, Mildred Marshall suffered accelerated deterioration of her health and physical condition beyond that caused by the normal aging process and the deterioration of her functional ability, as well as the following injuries:

     a)   Numerous falls with injuries;

     b)   Left hip fracture from fall;

     c)   Laceration to head from fall;

     d)   UTIs;

     e)   E-Coli;

     f)   Fecal Impaction; and

     g)   Significant weight loss.

22.   Mildred Marshall in addition suffered unnecessary loss of personal dignity, extreme pain and suffering, hospitalizations, degradation, mental anguish, disability, and disfigurement, all of which were caused by the wrongful conduct of Defendants as alleged below.

## CAUSES OF ACTION AGAINST THE NURSING HOME DEFENDANTS

### NEGLIGENCE

23.   Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 - 22 as if fully set forth herein.

24.   Nursing Home Defendants owed a non-delegable duty to Mildred Marshall to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstances.

25.   Upon information and belief, Nursing Home Defendants knowingly developed and maintained staffing levels at the facility in disregard of patient acuity levels as well as the minimal time to perform the essential functions of providing care to Mildred Marshall.

26.    Nursing Home Defendants negligently failed to deliver care, services, and supervision, including, but not limited to, the following acts and omissions:

a.    Failure by the members of the governing body of the facility to discharge their legal and lawful obligation by:

1)    ensuring compliance with rules and regulations designed to protect the health and safety of the residents, such as Mildred Marshall, as promulgated by the Cabinet for Health and Family Services, Division of Long Term Care;

2)    ensuring compliance with the resident care policies for the facility; and

3)    ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care.

b.    Failure to provide a facility that was sufficiently staffed with personnel that was properly qualified and trained;

c.    Failure to provide the minimum number of qualified personnel to meet the total needs of Mildred Marshall;

d.    Failure to maintain all records on Mildred Marshall in accordance with accepted professional standards and practices:

e.    Failure to ensure that Mildred Marshall received adequate and proper nutrition, fluids, supervision, therapeutic, and skin care;

f.    Failure to increase the number of personnel at the facility to ensure that Mildred Marshall received timely and appropriate custodial care, including, but not limited to, bathing, grooming, incontinent care, personal attention and care to her skin, feet, nails, and oral hygiene;

g.    Failure to have in place adequate guidelines, policies and procedures of the facility and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

h.    Failure to monitor or increase the number of nursing personnel at the facility to ensure that Mildred Marshall:

1)    received timely and accurate care assessments;

2)    received prescribed treatment, medication and diet; and

3)    received timely custodial, nursing and medical intervention due to a significant change in condition.

9

    i.   Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

    j.   Failure to take all necessary and reasonable custodial and nursing measures to prevent avoidable falls and infections during Mildred Marshall's residency;

    k.   Failure to provide a safe environment for care, treatment, and recovery, and to exercise ordinary care and attention for the safety of Mildred Marshall in proportion to her particular physical and mental ailments, known or discoverable by the exercise of reasonable skill and diligence;

    l.   Failure to provide adequate hygiene and sanitary care to prevent infection;

    m.  Failure to provide proper custodial care; and

    n.   Failure to abide by applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

27.    A reasonably careful nursing facility would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to Mildred Marshall. With regard to each of the foregoing acts of negligence, the Nursing Home Defendants acted with oppression, fraud, malice or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Mildred Marshall.

28.    In addition, Plaintiff also alleges Nursing Home Defendants violated statutory and regulatory duties of care, the violations of which are further evidence of their negligence and which caused the injuries suffered by Mildred Marshall. The statutory and regulatory violations of the Nursing Home Defendants included, but are not limited to, violation(s) of the following:

    a.   Violation(s) of KRS 209.005 et seq. and the regulations promulgated thereunder, by abuse, neglect and/or exploitation of Mildred Marshall;

    b.   Violation(s) of KRS 508.090 et seq., criminal abuse, by committing intentional, wanton, or reckless abuse of Mildred Marshall, who was physically helpless or mentally helpless or permitting Ms. Marshall, a person of whom Nursing Home Defendants had actual custody, to be abused. Such abuse caused serious physical injury, placed Ms. Marshall in

a situation that might cause her serious physical injury, and/or caused torture, cruel confinement or cruel punishment of Mildred Marshall;

c.   Violation(s) of KRS 530.080 et seq., endangering the welfare of an incompetent person, by knowingly acting in a manner which resulted in an injury to the physical and/or mental welfare of Mildred Marshall, who was unable to care for herself because of her illness;

d.   Violation(s) of KRS 216.520, requiring long term care facilities to provide appropriate staff training to implement each of the residents' rights as defined in KRS 216.515 to 216.525;

e.   Violation(s) of KRS 506.080, criminal facilitation of criminal act(s), by acting with knowledge that another person or entity was committing one or more of the foregoing criminal acts or intending to commit one or more of the foregoing criminal acts, and engaged in conduct which knowingly provided another person or entity the means or opportunity for the commission of such criminal act(s) and which in fact aided another person or entity to commit the criminal act(s); and/or

f.   Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder.

29.   As a direct and proximate result of such grossly negligent, wanton or reckless conduct, Mildred Marshall suffered the injuries described in Paragraph 21. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Nursing Home Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement, hospitalization, and unnecessary loss of personal dignity in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

**MEDICAL NEGLIGENCE**

30.   Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 29 as if fully set forth herein.

11

31.     Nursing Home Defendants had a duty to provide the standard of professional medical care and services of a reasonably competent nursing facility acting under the same and similar circumstances.

32.     Nursing Home Defendants failed to meet applicable standards of medical care. The medical negligence or malpractice of Nursing Home Defendants included, but was not limited to, the following acts and omissions:

a.     The overall failure to ensure that Mildred Marshall received the following:

1)     timely and accurate care assessments;

2)     prescribed treatment, medication, and diet;

3)     necessary supervision; and

4)     timely nursing and medical intervention due to a significant change in condition;

b.     Failure to provide and implement an adequate nursing care plan based on the needs of Mildred Marshall;

c.     Failure to provide proper treatment and assessment to Mildred Marshall in order to prevent and care for infections;

d.     Failure to provide care, treatment and medication in accordance with physician's orders;

e.     Failure to take all necessary and reasonable custodial and nursing measures to prevent avoidable falls and infections during Mildred Marshall's residency;

f.     Failure to adequately and appropriately monitor Mildred Marshall and recognize significant changes in her health status, and to timely notify her physician of significant changes in her health status;

g.     Nursing Home Defendants were responsible for the infliction of physical pain, injury, and mental anguish upon Mildred Marshall;

h.     Failure to ensure Mildred Marshall was not deprived of the services necessary to maintain her health and welfare; and

i.     Failure to notify the physician of a significant change in her condition.

12

33.     It was foreseeable that the breaches of care listed above would result in serious injuries to Mildred Marshall. A reasonably competent nursing facility acting under the same or similar circumstances would not have failed to provide the care listed above.

34.     With regard to each of the foregoing acts of professional or medical negligence, Nursing Home Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Mildred Marshall.

35.     As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Mildred Marshall suffered the injuries described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Nursing Home Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement, hospitalization, and unnecessary loss of personal dignity in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

**CORPORATE NEGLIGENCE**

36.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 35 as if fully set forth herein.

37.     Mildred Marshall was looking to Nursing Home Defendants' facility for treatment of her physical ailments and not merely as the situs where others not associated with the facility would treat her for her problems. There is a presumption that the treatment Ms. Marshall received was being rendered through employees of Nursing Home Defendants and that any negligence associated with that treatment would render Nursing Home Defendants responsible. Nursing Home Defendants, or persons or entities under their control, or to the extent Nursing

Home Defendants were vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Mildred Marshall, to use the degree of skill and care which is expected of reasonably competent medical practitioners acting in the same or similar circumstances.

38.     Nursing Home Defendants owed a non-delegable duty to assist Mildred Marshall in attaining and maintaining the highest level of physical, mental and psychological well-being.

39.     Nursing Home Defendants owed a duty to Mildred Marshall to maintain their facility in such a manner as to enable them to meet the needs of Ms. Marshall, including providing and maintaining medical equipment and supplies, and hiring, supervising and retaining nurses and other staff employees.

40.     Nursing Home Defendants owed a duty to Mildred Marshall to have in place procedures and protocols that properly care for residents and to administer these policies through enforcement of any rules, regulations, by-laws, or guidelines, which were adopted by Nursing Home Defendants to ensure smoothly-run facilities and adequate resident care.

41.     Nursing Home Defendants owed a duty to Mildred Marshall to provide a safe environment, treatment, and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence. The duty of reasonable care and attention extended to safeguarding Ms. Marshall from danger due to her inability to care for herself. Nursing Home Defendants had a duty to protect Ms. Marshall from any danger which the surroundings would indicate might befall her in view of any peculiar trait exhibited by her or which her mental condition or aberration would suggest as likely to happen.

42.     Nursing Home Defendants breached their duty to Mildred Marshall by the manner in which they owned, operated, and exercised control over Golden LivingCenter – Hillcreek.

14

43.     With regard to the foregoing acts of negligence detailed herein, Nursing Home Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Mildred Marshall.

44.     As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Mildred Marshall suffered the injuries described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Nursing Home Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement, hospitalization, and unnecessary loss of personal dignity in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## VIOLATIONS OF LONG TERM CARE RESIDENT'S RIGHTS

45.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 -- 44 as if fully set forth herein.

46.     Nursing Home Defendants violated statutory duties owed to Mildred Marshall as a resident of a long term care facility, Kentucky Revised Statutes 216.510, *et seq*. These statutory duties were non-delegable.

47.     The violations of the resident's rights of Mildred Marshall include, but are not limited to:

      a.     Violation of the right to be treated with consideration, respect, and full recognition of her dignity and individuality;

      b.     Violation of the right to have a responsible party or family member or her guardian notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident;

15

     c.     Violation of the right of the resident, her responsible party, responsible family member, or her guardian to be fully informed of the resident's medical condition;

     d.     Violation of the right to be free from mental and physical abuse; and

     e.     Violation of the right to be given assistance when needed in maintaining body hygiene and good grooming.

48.     As a result of the aforementioned violations of the Resident's Rights Statute by Nursing Home Defendants, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to recover actual damages in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorneys' fees.

49.     With regard to the aforementioned violations of the Resident's Rights Act, Nursing Home Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton and reckless disregard for the rights of Mildred Marshall and, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to punitive damages from Nursing Home Defendants in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorneys' fees.

## CAUSES OF ACTION AGAINST THE ADMINISTRATOR DEFENDANT

### NEGLIGENCE

50.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 49 as if fully set forth herein.

51.     Upon information and belief, James Rife was an Administrator of Golden LivingCenter – Hillcreek during Mildred Marshall's residency there.

16

52.     As a nursing home administrator licensed by the State of Kentucky, James Rife owed ordinary duties of care to Mildred Marshall, as well as professional duties and statutory duties owed to residents by licensed nursing home administrators in this state, pursuant to the Nursing Home Administrators Licensure Act of 1970, codified as Kentucky Revised Statutes sections 216A.010, *et seq.*

53.     As a holder of a nursing home administrator's license, James Rife was legally and individually responsible for the operation of the facility and the welfare of its residents pursuant to Chapter 216A of the Kentucky Revised Statutes and Title 201, Chapter 6 of the Kentucky Administrative Regulations.

54.     As administrator, Defendant James Rife was also responsible for the total management of the facility pursuant to federal law.

55.     Administrator Defendant's management responsibilities included ensuring that the facility operated and provided services in compliance with all applicable federal, state, and local laws, regulations, and codes, and within accepted professional standards and principles.

56.     Defendant James Rife breached the duties of ordinary care owed to Mildred Marshall as administrator and failed to operate, manage, or administer the facility in compliance with accepted professional standards and principles through acts and omissions including, but not limited to, the following:

      a.     The failure to provide sufficient numbers of qualified personnel to meet the total needs of Mildred Marshall throughout her residency and to ensure that Mildred Marshall:

          i.     Received timely and accurate care assessments;

          ii.     Received prescribed treatment, medication, and diet; and

          iii.     Was protected from accidental injuries by the correct use of ordered and reasonable safety measures;

17

b.    The failure to adequately screen, evaluate, and test for competence in selecting personnel to work at the facility;

c.    The failure to ensure that Mildred Marshall was provided with basic and necessary care and supervision;

d.    The failure to ensure that Mildred Marshall attained and maintained her highest level of physical, mental, and psychosocial well-being;

e.    The failure to ensure that Mildred Marshall received care, treatment, and medication as prescribed or in accordance with physician's orders;

f.    The failure to ensure that Mildred Marshall was treated with the dignity and respect that all nursing home residents are entitled to receive;

g.    Failure to take all necessary and reasonable custodial and nursing measures to prevent avoidable falls and infections during Mildred Marshall's residency;

h.    The failure to provide a safe environment for Mildred Marshall;

i.    The failure to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care at the facility;

j.    The failure to discipline or terminate employees at the facility assigned to Mildred Marshall that were known to be careless, incompetent, and unwilling to comply with the policy and procedures of the facility and the rules and regulations promulgated by the Cabinet for Health and Family Services;

k.    The failure to adopt adequate guidelines, policies, and procedures for:

1)    Investigating the relevant facts, underlying deficiencies, or licensure violations, or penalties found to exist at the facility by the Cabinet for Health and Family Services or any other authority;

2)    Determining the cause of any such deficiencies, violations, or penalties;

3)    Establishing the method and means for correcting deficiencies, licensure violations, or penalties found to exist at the facility;

4)    Determining whether the facility had sufficient numbers of personnel to meet the total needs of Mildred Marshall; and

5)    Documenting, maintaining files, investigating, and responding to any complaint regarding the quality of resident care, or misconduct by

18

employees at the facility, regardless of whether such complaint derived from a resident of said facility, an employee of the facility, or any interested person;

l.   The failure to provide nursing personnel sufficient in number to provide proper treatment and assessment to Mildred Marshall and other residents;

m.   The failure to provide adequate supervision to the nursing staff so as to ensure that Mildred Marshall received adequate and proper nutrition, fluids, therapeutic diet, sanitary care treatments, and skin care to prevent infection, and sufficient nursing, observation, and examination of the responses, symptoms, and progress in the physical condition of Mildred Marshall; and

n.   The failure to maintain all records on Mildred Marshall in accordance with accepted professional standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to her diagnoses, treatment, and appropriate care plans for care and treatment.

57.   A reasonably careful nursing home administrator would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to Mildred Marshall. Each of the foregoing acts of negligence on the part of the Administrator Defendant was accompanied by such wanton or reckless disregard for the health and safety of Mildred Marshall as to constitute gross negligence.

58.   Additionally, the Administrator Defendant's failure to operate, manage, or administer the facility in compliance with federal, state, and local laws, regulations, and codes intended to protect nursing home residents, included, but was not limited to:

a.   The failure to ensure compliance with rules and regulations of the Cabinet for Health and Family Services, pursuant to Chapters 216, 216B and 13A of the Kentucky Revised Statutes and the administrative regulations promulgated thereunder, and the federal minimum standards imposed by the United States Department of Health and Human Services;

b.   The failure to ensure compliance with laws and regulations promulgated by the Cabinet for Health and Family Services to provide the minimum number of staff necessary to assist Mildred Marshall with her needs;

19

c.      The failure to ensure compliance with law and regulations of the Board of Licensure for Nursing Home Administrators pursuant to the Nursing Home Administrator Licensure Act of 1970, Kentucky Revised Statutes sections 216A.010 et seq.;

d.      The failure to provide the necessary care and services to attain or maintain the highest practicable physical, mental, and psychosocial well-being of Mildred Marshall, and in accordance with the comprehensive assessment and plan of care created at the facility;

e.      The failure to provide sufficient nursing staff and nursing personnel to provide adequate and appropriate nursing care to Mildred Marshall in accordance with the resident care plan generated at the facility;

59.     The failure to administer the facility in a manner that enabled it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental, and psychosocial well-being of Mildred Marshall;

a.      The failure to ensure that a nursing care plan based on Mildred Marshall's problems and needs was established which contained measurable objectives and time tables to meet her medical, nursing, mental, and psychosocial needs as identified in her comprehensive assessment, which was supposed to be reviewed and revised when Mildred Marshall's needs changed;

b.      The failure to notify Mildred Marshall's family and physician of a need to alter her treatment significantly;

c.      The failure to provide a safe environment;

d.      The failure to ensure that Mildred Marshall maintained acceptable parameters of nutritional status and received a therapeutic diet throughout her residency; and

e.      Failure to take all necessary and reasonable custodial and nursing measures to prevent avoidable falls and infections during Mildred Marshall's residency.

60.     Mildred Marshall is a member of a class intended to be protected by the above laws and regulations. The injuries alleged in Paragraph 21 resulted from events that the laws and regulations were designed to prevent.

20

61.     It was foreseeable that the foregoing breaches of duties would result in serious injuries to Mildred Marshall. Each of the foregoing acts of negligence on the part of the Administrator Defendant was accompanied by such wanton or reckless disregard for the health and safety of Ethia Gross as to constitute gross negligence.

62.     As a direct and proximate cause of such grossly negligent, wanton, or reckless conduct, Mildred Marshall suffered the injuries described herein, and Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the Administrator Defendant, in his capacity as Administrator of the facility, including but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement, hospitalization, and unnecessary loss of personal dignity in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## DAMAGES

63.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 62 as if fully set forth herein.

64.     As a direct and proximate result of the negligence and wrongful conduct of all Defendants as set out above, Mildred Marshall suffered injuries including, but not limited to, those listed herein.

65.     Plaintiff seeks punitive and compensatory damages against all Defendants in an amount to be determined by the jury, but in excess of the minimum dollar amount necessary to establish the jurisdiction of this Court, plus costs and all other relief to which Plaintiff is entitled by law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Marva J. Dockery, as Attorney-in-Fact of Mildred R. Marshall, prays for judgment against GGNSC Louisville Hillcreek, LLC d/b/a Golden LivingCenter – Hillcreek; GGNSC Administrative Services, LLC; GGNSC Clinical Services, LLC; GGNSC Equity Holdings, LLC; Golden Gate National Senior Care, LLC; GGNSC Holdings, LLC; and James Rife, in his capacity as Administrator of Golden LivingCenter – Hillcreek, in an amount to be determined from the evidence, the costs herein expended, and all other relief to which Plaintiff is entitled, including TRIAL BY JURY.

Respectfully submitted this _31_ day of December, 2015,

Marva Dockery, as Attorney-in-Fact of Mildred Marshall

By: _Robert W. Francis (w)_
    Brent L. Moss (KY 93418)
    Brian D. Reddick (KY 90762)
    Matthew D. Swindle (KY 95374)
    Robert W. Francis (KY 96426)
    **Reddick Moss, PLLC**
    One Information Way, Suite 105
    Little Rock, AR 72202
    Telephone:   (501) 907-7790
    Facsimile:    (501) 907-7793

    *and*

    Lee Coleman
    **Hughes & Coleman**
    1256 Campbell Lane, #201
    Bowling Green, KY 42102

    *Attorneys for Plaintiff*

22

## DURABLE POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS: That I, *Mildred R. Marshall* date of birth: *June 14 1939*, a resident of and domiciled in *Louisville Jefferson* County, Kentucky, have made, constituted and appointed, and by these presents do make, constitute and appoint *Maria J. Docker* of *Louisville Jefferson* County, Kentucky, as my true and lawful attorney for me in my name, place and stead and do grant to my attorney the power of attorney as more particularly set forth hereinafter:

1. To take possession of, collect, recover and receive by whatever means necessary all monies, goods, chattels and effects belonging to me or to which I may be entitled, wheresoever found;

2. To take possession of any and all real property now owned by me or to which I am entitled to possession and to bargain, sell, lease and convey any and all of my real estate, wherever situated, whether now owned or hereafter acquired, and to execute and deliver any required deeds or other documents for purpose of passing fee simple title and\or to consummate the lease of said real estate, at such prices and under such terms and conditions as my attorney deems fit; and to receive payment of the purchase money of any and all real property sold and any and all promissory notes or other evidence of indebtedness with respect to such sale; and to receive all lease or rental payments that may be due and payable to me. I further grant to my attorney the power to do any and all things with respect to my real estate as my attorney deems necessary,



including the granting and execution of documents for rights of way and easements. In the event my attorney deems it advisable to petition any governmental agency, administrative agency or any such authority for consideration of matters affecting my real property such as zoning, taxation or any other reason, authority is hereby granted for such action and the necessary expenditure of funds for that purpose;

3.    To sell and convey by bill of sale or other proper instrument any and all of my personal property of every nature and description and wherever situated and upon such terms and conditions as deemed best and to deliver said personal property and to receive payment of the purchase price from the sale thereof;

4.    To draw upon any bank or savings account or savings certificate in my name and endorse and cash checks payable to me and to sign and deliver checks and other papers in handling my bank accounts and obligations generally and thereby transact any and all business for me with any bank or institution;

5.    In the event my attorney deems it necessary and for my proper maintenance, support and care, or in the event my attorney deems it necessary or advisable in the management of my properties and business in the sole discretion of my attorney, the power and authority is hereby granted to negotiate for and borrow money and mortgage any and all of my real and personal property or pledge any anticipated income and to execute

such mortgages and promissory notes in my name, place and stead and to obtain and effect a valid mortgage or pledge upon my property;

6.  To sign and execute any and all papers and instruments that may be necessary to procure insurance benefits, Medicare and other benefits for me;

7.  To enter upon my attorney's signature my safety deposit box wherever situated and to remove any and all contents therefrom and to otherwise utilize the box as my attorney sees fit for my benefit;

8.  To sell and redeem any government bonds, stock certificates, promissory notes or any other asset of this type or evidence of a receivable and to receive the proceeds therefrom;

9.  To represent me before agents, officers, and employees of the Commonwealth of Kentucky, Department of Revenue, United States Treasury Department, Bureau of Internal Revenue Service, including the Audit Division and the Appellate Division of the Bureau of Internal Revenue and the Tax Court of the United States, with respect to any tax liability for any period of time, giving and granting upon my attorneys full power and authority to do and perform any and every act relative to any tax matter, business or personal;

10.  To sign and execute any documents to allow my healthcare providers to provide medical care and treatment for me, to discuss my healthcare and treatment, and to allow my healthcare providers to provide any healthcare records, information, or other documentation;

11.     I hereby grant to my said attorney in fact full power and authority to do and

perform all and every act and thing whatsoever requisite and necessary to

be done in the premises, as fully, to all intents and purposes, as I might or

could do if personally present, hereby ratifying and confirming all that said

attorneys in fact shall lawfully do or cause to be done by virtue thereof.


This Power of Attorney shall commence from the date I sign this document and

continue despite any disability I may suffer.

IN TESTIMONY WHEREOF, witness my hand at _Mildred_ , _Marshall_

County, Kentucky, on this _18th_ day of _September_ ~~2013.~~

                                        _2015_

                                        _Mildred Marshall_


COMMONWEALTH OF KENTUCKY

COUNTY OF _Jefferson_

  This foregoing instrument was acknowledged before me on this _18th_ day of

_September_ , ~~2013,~~ by _Bertha Stoddard_ .

        _2015_

                        _Bertha Stoddard_
                        Notary Public, Ky. State at Large
                        My Commission Expires: _10/15/2015_