UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARVA DOCKERY, as Attorney-in-Fact of
Mildred Marshall,                                                                                                Plaintiff,

v.                                                                                               Civil Action No. 3:16-cv-25-DJH

GGNSC LOUISVILLE HILLCREEK, LLC,
et al.,                                                                                                         Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

A plaintiff may not amend her complaint after removal merely for the purpose of defeating diversity jurisdiction. Yet this is what Plaintiff Marva Dockery tried to do when she amended her complaint as a matter of course and immediately moved to remand the case. (*See* Docket Nos. 1, 4, 7, 8) In exercising its discretion, the Court will strike the two new non-diverse defendants and deny Dockery's motion to remand. The Court will also stay this case pending resolution of the parties' parallel suit in which Defendants seek to compel arbitration.

### I.    BACKGROUND

Golden LivingCenter – Hillcreek, a nursing home, admitted Mildred Marshall on July 9, 2015; she was a resident there until September 5, 2015. (D.N. 1-1, PageID # 20) While at Golden LivingCenter – Hillcreek, Marshall allegedly received substandard treatment that resulted in numerous injuries, hospitalization, and mental anguish. (*Id*., PageID # 26)

On December 2, 2015, shortly after Marshall left the nursing home, her attorney-in-fact, Plaintiff Marva Dockery, sued the nursing home and a handful of related limited liability

companies¹ on behalf of Marshall in Jefferson County Circuit Court, No. 15-CI-06437. (D.N. 1-1) She alleges negligence, medical negligence, corporate negligence, and violations of long-term care residents' rights. (*Id.*) Dockery also sued a Golden LivingCenter – Hillcreek administrator, James Rife, for negligence. (*Id.*)

Although Dockery's complaint alleged that both she and Rife were residents of Kentucky (D.N. 1-1, PageID # 23), Defendants removed this suit on January 12, 2015, pursuant to 28 U.S.C. § 1441(a). (D.N. 1) They contend that Rife is domiciled in Mississippi and thus complete diversity exists among the parties pursuant to 28 U.S.C. § 1332(a)(1). (D.N. 1; D.N. 15, PageID # 270) Defendants have also moved to stay this case pending resolution of a related case between the parties in which Defendants seek to compel arbitration of Dockery's claims. (D.N. 5; *see* No. 3:15-cv-908-DJH)

Shortly after removal, Dockery filed her First Amended Complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B). (D.N. 7) Dockery's new complaint restates her position that Rife is a citizen of Kentucky and adds two new defendants with Kentucky citizenship to the suit: Renay Adkins, another Golden LivingCenter – Hillcreek administrator, and Jen Hancock, a Golden LivingCenter – Hillcreek admissions coordinator. (D.N. 8, PageID # 111-12) Dockery's claim against Adkins is for negligence; her claims against Hancock are for forgery, conspiracy, and abuse of process. The latter claims are also asserted against every other defendant. (*See id.*, PageID # 124-36)

Simultaneous with the filing of her First Amended Complaint, Dockery moved to remand this case to Jefferson County Circuit Court. (D.N. 7) Dockery maintains that Rife is a citizen of

---

¹ These companies include GGNSC Louisville Hillcreek, LLC d/b/a Golden LivingCenter – Hillcreek; GGNSC Administrative Services, LLC; GGNSC Clinical Services, LLC; GGNSC Equity Holdings, LLC; Golden Gate National Senior Care, LLC; and GGNSC Holdings, LLC. (D.N. 1)

2

Kentucky and that his citizenship defeats diversity. (*Id.*) She also argues that joinder of Adkins and Hancock is proper under 28 U.S.C. § 1447(e), and that their presence defeats diversity. But Dockery's joinder of additional parties is improper because the primary purpose of the joinder was to defeat diversity. Moreover, Rife has demonstrated that he is domiciled in Mississippi, not Kentucky. (*See* D.N. 11-6) The Court will therefore deny Dockery's motion to remand. The Court will also stay this case pending resolution of the parties' parallel litigation.

## II. MOTION TO REMAND

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal based on diversity jurisdiction, as occurred here, requires both complete diversity and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332; *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). Complete diversity means that no plaintiff and defendant are citizens of the same state. *V&M Star*, 596 F.3d at 355.

Defendants properly removed this case. In a sworn affidavit, Rife asserts that he lives in Mississippi (D.N. 11-6), and he was served in Mississippi.[2] (*See* D.N. 15, PageID # 270) The remaining Defendants are not domiciled in Kentucky. (D.N. 15-1) And Plaintiffs do not contend that the amount in controversy is less than $75,000. Thus, the requirements for diversity jurisdiction are met, and this case was properly removed under 28 U.S.C. § 1441(a).

Federal Rule of Civil Procedure 15 permits a plaintiff to amend her complaint as a matter of course within twenty-one days "after service of a responsive pleading." Fed. R. Civ. P.

---

[2] Rife was likely not even an employee of GGNSC when Marshall was a patient, as he claims to have left in May 2014. (*See* D.N. 11-6)

3

15(a)(1)(B). Dockery timely filed her amended pleading twenty-one days after Defendants filed an answer to her complaint. (*See* D.N. 1, 4, 8) Dockery's amended complaint joins two additional defendants, however. (D.N. 8) "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *see Mackey v. J.P. Morgan Chase Bank, N.A.*, 786 F. Supp. 2d 1338, 1340 (E.D. Mich. 2011).

In the Sixth Circuit, courts consider a four-factor test to determine whether joinder should be permitted: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking amendment; (3) whether the plaintiff will be significantly prejudiced if amendment is not allowed; and (4) any other equitable factors."[3] *Barnett v. MV Transp., Inc.*, No. 3:14-cv-250-TBR, 2014 WL 1831151, at *2 (W.D. Ky. May 8, 2014); *see, e.g.*, *Premium Fin. Grp., LLC v. MPVF LHE Lexington LLC*, No. 5:13-cv-362-KKC, 2014 WL 112308, at *4 (E.D. Ky. Jan. 9, 2014); *Bridgepointe Condos., Inc. v. Integra Bank*, No. 08-cv-475-C, 2009 WL 700056, at *2 (W.D. Ky. Mar. 13, 2009). Of these factors, the first is likely the most important. *Barnett*, 2014 WL 1831151, at *2 (citing *Bridgepointe*, 2009 WL 700056, at *2). The ultimate question is "whether the primary purpose of the proposed joinder is to divest the federal forum of jurisdiction." *Lawson v. Lowe's Home Ctrs., LLC*, No. 5:13-cv-374-KKC, 2015 WL 65117, at *2 (E.D. Ky. Jan. 5, 2015).

The Court finds that the primary purpose of Dockery's amendment was to divest this Court of jurisdiction. When a plaintiff amends the complaint contemporaneously with filing a

---

[3] This test applies regardless of whether the plaintiff seeks leave to amend the complaint or has amended as a matter of course. *See Premium Fin. Grp.*, 2014 WL 112308, at *3 ("[I]t is irrelevant here that Premium amended its complaint as a matter of course, because '[e]ven though the plaintiffs did not need the court's permission to amend the complaint, the court may deny their attempt to join [an] additional defendant[] whose joinder would destroy subject matter jurisdiction.'" (alterations in original) (quoting *Bridgepointe*, 2009 WL 700056, at *1)).

motion to remand and the sole basis of that motion is lack of diversity, this "compels an inference that the purpose of amending [plaintiff's] Complaint is to divest this Court of jurisdiction." *Barnett*, 2014 WL 1831151, at *3 (citations omitted). In *Barnett*, the court concluded that this first factor weighed against allowing the plaintiff to join additional parties because the amended complaint was contemporaneously filed with a motion to remand and the defendants did not contest that respondeat superior liability existed between the joined party and an existing party. *Id*. Similarly, Dockery filed her amended complaint contemporaneously with a motion to remand. (D.N. 7, 8) The sole basis of her motion is lack of complete diversity. (*See* D.N. 7) And Defendants concede that because the joined defendants are employees of Golden LivingCenter – Hillcreek and are being sued in their capacity as employees, respondeat superior likely applies. (D.N. 20, PageID # 363) The Court therefore finds that this this factor weighs against permitting joinder.

As for the second factor, Dockery timely filed the amended complaint. (D.N. 8) This factor weighs in favor of allowing joinder.

The third factor—potential prejudice to the plaintiff—weighs against joinder. Dockery will not be significantly prejudiced if Adkins and Hancock are not joined. Dockery sued these two additional defendants in their capacities as employees of Golden LivingCenter – Hillcreek. (D.N. 8) Golden LivingCenter – Hillcreek is already a named defendant. (D.N. 1-1) Complete relief can be afforded to Dockery through Golden LivingCenter – Hillcreek because any judgment against Adkins or Hancock in their capacities as employees would ultimately be satisfied by Golden LivingCenter – Hillcreek. *See Barnett*, 2014 WL 1831151, at * 3. The Court concludes that this factor weighs against allowing joinder.

As for the fourth factor, Dockery does not contend, nor does the Court find, that there are any other equitable considerations supporting joinder.

In sum, the balance of equities militates against joinder of Adkins and Hancock. Dockery's attempted joinder was for the primary purpose of defeating federal jurisdiction and complete relief can be afforded to Dockery without these additional defendants. Consequently, the Court will strike Adkins and Hancock. Without these non-diverse defendants, complete diversity exists and thus the Court will deny remand.

### III.   MOTION TO STAY

The Court will grant Defendants' motion to stay because the parties' parallel Federal Arbitration Act case, *GGNSC Louisville Hillcreek v. Dockery*, No. 3:15-cv-908-DJH (W.D. Ky.), will determine whether Dockery's claims will remain before this Court or proceed to arbitration. "District courts . . . ordinarily have authority to issue stays, where such a stay would be a proper exercise of discretion." *Ryan v. Gonzales*, 133 S.Ct. 696, 708 (2013) (citing *Rhines v. Weber*, 544 U.S. 269, 276 (2005)); s*ee also Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 382 (1935) (explaining that a district court may stay a case "pending before it by virtue of its inherent power to control the progress of the cause so as to maintain the orderly processes of justice"). If the Court were to allow this case to proceed in tandem with the parallel FAA case, it would likely result in unnecessary duplication and waste of judicial resources. A stay is therefore efficient and appropriate.

### IV.   CONCLUSION

Pursuant to 28 U.S.C. § 1447(e), the Court will strike Adkins and Hancock from the complaint because Dockery's primary motivation in joining them was to defeat federal jurisdiction. And because Rife is domiciled in Mississippi, complete diversity exists and remand

is unnecessary. (D.N. 11-6) Moreover, the Court will stay this case pending resolution of the parties' parallel suit. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Plaintiff's Motion to Remand (D.N. 7) is **DENIED**. The Clerk of Court is **DIRECTED** to strike Renay Adkins and Jen Hancock as defendants in this matter.

(2) Defendants' Motion to Stay (D.N. 5) is **GRANTED**. This case is **STAYED** pending resolution of the parties' parallel case (No. 3:15-cv-908-DJH).

(3) Defendants' Motions to Dismiss (D.N. 11, 19, 28, 29) are **DENIED** without prejudice as moot. If appropriate, Defendants may refile these motions upon resolution of the parties' parallel case.

September 27, 2016

**David J. Hale, Judge**
**United States District Court**